UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF TEXAS

BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

DEC 3 0 2002

Michael N. Milby
Clerk of Court

JUAN JESUS BARRON
PETITIONER,

VS

UNITED STATES OF AMERICA,

RESPONDENT,

§
§
§
§
§
§
§
§
§
§

B-02-240

CASE NO. 00-CR-425-3

BRIEF IN SUPPORT OF 28 U.S.C. §2255

TO THE HONORABLE JUDGE OF SAID COURT

Comes now, Juan Jesus Barron, petitioner, acting in pro/se in the above numbered cause and would show the court as follows;

## JURISDICTION

This court has jurisdiction pursuant to 28 U.S.C. §2255

## PROCEDURAL BACKGROUND

On October 10, 2000, a two-count indictment was returned charging CT (1) conspiracy to possess with intent to distribute marijuana in violation of 21 U.S.C. §§846, 841 (a)(1) and 841 (b)(1)(B); and CT (2) Defendant knowingly and intentionally possessed, with intent to distribute approximately 113.81 kilograms (250lbs) gross weight, of marijuana, violation of 21 U.S.C. §§841 (a)(1)(b) and 18 U.S.C. §2. Jury selection conducted on 12-7-2000. On 12-13-2000, the jury returned a verdict of guilty on all counts as to the defendant. On March 12, 2000, Defendant was sentenced to a 120 month term of imprisonment.

## STATEMENT OF THE ISSUES

I PETITIONER WAS DENIED HIS RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL.

1

PETITIONER WAS ELIGIBLE FOR APPLICATION OF U.S.S.G. §3B1.2(b) Minor Participant.

I  THE DISTRICT COURT ABUSED ITS DISCRETION IN DENYING MOTION FOR MISTRIAL WHERE GOVERNMENT INTRODUCED PAST FELONY CONVICTIONS MORE THAN TEN YEARS OLD.

V  PETITIONER WAS SENTENCED IN VIOLATION OF APPRENDI AND SHOULD BE REMANDED TO BE RESENTENCED TO 5 YEARS MAXIMUM UNDER 21 USC 84 (b)(1)(D) FOR POSSESSION OF AN UNDETERMINED AMOUNT OF MARIJUANA.

<u>ARGUMENT AND POINTS OF AUTHORITIES</u>

Issue No 1

I  PETITIONER WAS DENIED HIS RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL

Petitioner was denied effective assistance of counsel as guaranteed in the Sixth Amendment to the Constitution; (see Sixth Amendment and **Strickland v Washington,** 466 US 668 (1984). In **Strickland** the Supreme Court held that in order to establish a constitutional violation of the right to effective assistance of counsel, a petitioner must meet two prongs of a test. First, he must show that consel's performance was deficient. This requires a showing that counsel made errors so serious that counsel was not functioning as "counsel" as quaranteed by the Sixth Amendment. This prong is met by showing that counsel's acts and omissions did not meet and objective standard of reasonableness; see **United States v Smith,** 915 F 2d 959, 963 (5th Cir. 1990) (quoting **Strickland,** 466 US at 668, 104 S.Ct. at 2064).

Second, a petitioner must show that he was prejudiced by counsel's performance. This second prong of the test is met by showing the existence of a reasonable probability that, but for counsel's deficient performance, the proceeding's results would have been different. A

2

reasonable probability is a probability sufficient of undermine confidence in the outcome: **Strickland**, 104 S.Ct. ay 2068.

It is submitted that, based on the arguments as set forth within this pleading, the standard of Strickland is sufficiently met.

The requirement that a defendant receive effective assistance of counsel is constitutionally mandated; **U.S. Constitution, Amendment VI, Reece v Georgia,** 350 US 85, 90 (1955) (The effective assistance of counsel ... is a constitutional requirement of due process of law) and **McMann v Richardson,** 397 US 759, 771 n. 14 (1970) (the right to counsel is the right to <u>effective</u> assistance of counsel).

In the context of the loss of effective assistance of counsel, petitioner submits prejudice occurs where a defendant is denied effective assistance of counsel during the sentencing phase, as where in petitioner's case, counsel failed to argue to the trial court the application of U.S.S.G. § 3B1. (2)(b) - Minor Participant.

Counsel's deficient performance served to relieve the government of persuading the court to adopt the P.S.R. in toto, thus depriving the petitioner of his due process in violation of his 5th and 6th Amendment rights under the U.S. Constitution. Further, petitioner was deprived of effective assistance of counsel where counsel failed to file any objections to the resentence report.

Petitioner can demonstrate that counsel's failure to make pre-trial investigation or to file an addendum to the P.S.R. before sentencing amounted to ineffective assistance of counsel. Counsel was under a duty to fully investigate the case; see **Woodward v Collins,** 898 F 2d 1027 (5th. Cir. 1990) in which the court found that "no" such presumption [of reasonable professional conduct] is warranted when a lawyer advises

his client to plea bargain to an offense which the attorney has not fully investigated. Such conduct is always unreasonable. Id. at 1029 (emphasis added). With proper investigation petitioner could have perfected the record under the allocution requirement pursuant to Federal Rules of Criminal Procedure, Rule 32 (a) and thus avoided a procedural bar, or in the alternative, brought the issue to the court's attention for a fact finding determination and developed the record on appeal.

Petitioner suffered a rejudicial effect where counsel failed to protect petitioner's due process right to a fair trial and sentencing hearing.

Petitioner can demonstrate to the court cause - ineffective assistance of counsel, and prejudice - but for counsel's errors the outcome would have been different; **Strickland,** supra, and the petitioner's sentence would not have been based on an adjusted offense level of 30 C.H.G. II 108-135 months - but rather on B.O.L. 28, C.H.G. II resulting in 87-108 months.

In pursuing petitioner's claim of ineffective assistance of counsel, petitioner relies on the P.S.R. and all the records, files and statements made by his counsel of record. It is hereby asserted that petitioner's trial counsel's performance during the course of the sentencing hearing was prejudicial under the test established by the Supreme Court in **Strickland.**

The error/omission/deficient performance on the part of counsel of record served to relieve the government of its burden of proof, see **Osborn v Shillinger,** 861 F 2d 612 (10th. Cir. 1988).

Petitioner reasserts that trial counsel failed to render effective assistance at the sentencing phase, thus depriving him of the application

4

of U.S.S.G. § 3B1.2(b) - - Minor Participant consideration.

## ARGUMENT AND POINTS OF AUTHORITIES

### ISSUE NO. II

II. PETITIONER WAS ELIGIBLE FOR APPLICATION OF U.S.S.G. § 3B1.2(b) MINOR PARTICIPANT.

In the case at bar, the trial court erred by failing to depart downward and by failing to recognize that Barron was at best only a minor participant in the instant offense. Section 3B1.2(b) of the U.S.S.G. provides "minimal status" for a defendant who played a minimal or minor role in the alleged criminal conduct. That section provides that "minor" participant is someone less culpable than most other participants but whose role could not have been described as minimal. A full review of the whole record here demonstrates that in relation to the offense conduct Barron was a "mule" qualifying as a minor participant. The trial court's failure to adjust downward was an incorrect application of the guidelines; see 18 USC § 3742 (a)(1) and (2).

Barron should have received at least a two-level reduction for a minor participant. In application note 3 of the U.S.S.G. § 3B1.2(b), a minor participant is defined as any participant who is less culpable than other participants but whose role could not be described as minimal. The evidence in this case shows that Barron became involved in the offense conduct after he was approached to sell marijuana for $145 dollars by paid government informant, Alberto Vargas. Barron was never involved in any violence and did not have a managerial or supervisory role within the offense conduct.

The proper analysis under the standard set forth in §3B1.2(b) of the U.S.S.G. is to look at the defendant's conduct in relation to other participants in the alleged offense conduct. The court must look at the

5

timing, amount and nature of defendant's activities within the scope of the offense conduct. With regards to Barron, application note indicates that a downward departure adjustment would be appropriate in a case where an individual such as Barron was recruited as a courier for a single transaction involving a minor part within the offense conduct.

Petitioner's involvement consisted of arranging one load of marijuana. Barron had no supervisory role whatsoever. It is the petitioner's position that the trial court erred in not granting a two-level reduction where the record will demonstrate that it warranted it' citing **U.S. v Buenrostro**, 868 F 2d 135 (5th. Cir. 1989).

## ARGUMENT AND POINTS OF AUTHORITIES
## ISSUE NO. 3

III    THE DISTRICT COURT ABUSED ITS DISCRETION IN DENYING MOTION FOR MISTRIAL WHERE GOVERNMENT INTRODUCED PAST FELONY CONVICTIONS MORE THAN TEN YEARS OLD.

Petitioner contends that the District Court should have granted a mistrial since Barron was harmed when the Honorable Judge allowed the line of questioning concerning past felony convictions, and the trial court never conducted a balancing test as required by <u>Fed R.CRIM.EVID.609</u>, in order to determine the prejudice nature and the probative value of the convictions that occurred past ten years. <u>**Yeagin v United States**</u>, 927 F.2d 798 (5th. Cir. 1991).

The **standard of review** for a denial of a mistrial is abuse of discretion. <u>United States v. Coveney</u>, 995 F.2d 578, 584 (5th Cir. 1993). **FED. R. CRIM. EVID. 609** reads as follows:

> "(a)(1)... evidence that an accused has been convicted of such a crime shall be admitted if the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the accused;...
>
> (b) Time limit. Evidence of a conviction under this rule is not admissible if a period of more than ten years has elapsed since the date of the conviction..

unless the court determines, in the interests of justice that the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect. However, evidence of a conviction more than 10 years old as calculated herein, is not admissible unless the proponent givers to the adverse party sufficient advance written notice of intent to use such evidence to provide the adverse party with a fair opportunity to contest the use of such evidence.."

On the case at bar, the prosecution after questioning petitioner about being convicted in the past for a felony offense, and the trial court overruling defense counsel's objection; introduced petitioner's two prior convictions for Marijuana with intent to distribute with a conviction date of 1976, and a conviction for Smuggling of Illegal Aliens with a conviction date of 1982. The district court allowed the government to violate Fed R.Crim Evid 609.

The petitioner was harmed in that his character was attacked, and he was not given an opportunity to prepare for such trial ambush. Had petitioner been given proper notice of governments intent to proceed with the line of questions concerning convictions past ten years he would not have taken the stand, and counsel was ineffective for allowing Petitioner to be put in such a prejudicial position. When the prosecution unfairly and improperly questions petitioner, about his past convictions, the jury learned his past and utilized it against him. As stated in **United States v Manafzadeh,** 529 F.2d 81,86 (2nd Cir. 1979), "The accused might be convicted because of his participation in other crimes rather than because he is guilty beyond a reasonable doubt of the crime alleged."

This Court never conducted any hearing to determine if Government could explain the relevancy and necessity, and then apply a carefully conducted and required balancing test, as to the prior felony convictions. **United States v Yeagin,** 927 F.2d 798 (5th Cir. 1991).

The record will demonstrate that counsel of record was ineffective for failure to seek proper discovery.

The balancing of probative value against prejudicial effect is committed to the sound discretion of the trial Judge, a decision that is final in the absence of abuse of discretion. **United States v. Dula,** 989 F.2d 772, 777 (5th Cir. 1993). In the instant case, petitioner was not afforded such balancing test, which in itself is required. The trial court despite objections allowed the questioning of convictions without a balancing analysis conducted by the trial court.

In the case at bar, Petitioner was not afforded a fair trial, Counsel's deficient performance cause petitioner to suffer an extremely prejudicial effect, where counsel was not prepared for the ambush and surprise as the result of the prosecutions lack of written notice concerning convictions past ten years. But for Counsels errors the results would of been different. Petitioner suffered a Prejudicial effect by taking the stand and was denied his right to effective assistance of counsel.

## ARGUMENT AND POINTS OF AUTHORITY

### ISSUE NO. 4

I. BARRON WAS SENTENCED IN VIOLATION OF APPRENDI AND SHOULD BE REMANDED TO BE RESENTENCED TO A 5 YEAR STATUTORY MAXIMUM UNDER 21 U.S.C. § 841(B)(1)(D) FOR POSSESSION OF AN UNDETERMINED AMOUNT OF MARIJUANA.

Pursuant to 28 U.S.S. § 2255 BARRON now challenges his sentence as unconstitutional under **Apprendi v New Jersey,** 530 US 466, 120 S. Ct. 2348 (2000), in which the Supreme Court held that "other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proven beyond a reasonable doubt."

First, BARRON asserts that because there was no finding of drug quantity beyond a reasonable doubt, the court committed error under **Apprendi** by sentencing him to SIXTY MONTHS, 60 FIVE YEARS in excess of the 5 year statutory maximum for possession of an undetermined amount of marijuana (see 21 USC § 841(b)(1)(D). A Section 2255 motion is the proper vehicle through which a prisoner in federal custody may challenge his sentence as having been imposed in violation of the Constitution, or in excess of the maximum authorized by law; 28 USC § 2255; **Pack v Yusuff,** 218 F 3d 448, 451 (5th. Cir. 2000). The

grounds for vacating BARRON sentence under Apprendi are discussed below.

## II. DRUG QUANTITY INCREASED STATUTORY MAXIMUM PENALTY UNDER APPRENDI

The Fifth Circuit has recognized that Apprendi radically changed the procedure for prosecuting drug offenses under 21 USC §§ 841 and 846. In United States v Doggett, the Fifth Circuit recently joined several other circuits in holding that Apprendi compelled it to overturn its well-established precedent that drug quantity was a sentencing factor and not an element of the offense. United States v Doggett, 230 F 3d 160, 163-164 (5th. Cir. 2000), pet. for cert. filed January 4, 2001 (reviewing existing precedent and concluding that "there is no reasonable construction of Section 841 that would allow us to avoid the broad constitutional rule of Apprendi). The court found that when drug quantity increases the statutory maximum penalties to which the defendant is subject, as it does in Section 841(b)(1), the drug quantity constitutes an element of the Section 841 offense. Doggett, 230 F 3d at 162 (finding that for purposes of § 841(b)(1) drug amount is the type of fact that falls within the scope of Apprendi); see, accord U.S. v Aguayo-Delgado, 220 F 3d 926, 933-34 (8th. Cir.), cert. denied, 121 S. Ct. 600 (2000); United States v Nordby, 225 F 3d 1053, 1059 (9th. Cir. 2000); United States v Page, 2000 WL 1682523 at *6 (6th. Cir. 2000), pet. for cert. filed Jan. 3, 2001; United States v Rogers, 228 F 3d 1318, 1327 (11th. cir. 2000); and United States v Jones, 2000 WL 1854077 at *5 (10th. Cir. 2000).

Specifically, the Fifth Circuit stated that under Apprendi, when

the government seeks an enhanced penalty based on the amount of drugs under § 841(b)(1)(A) or (B), the quantity of drugs is an element of the offense which must be stated in the indictment and proved beyond a reasonable doubt. Doggett, 230 F 3d at 165. In Doggett a possession of methamphetamine case, the court found that "Section 841 clearly calls for a factual determination regarding the quantity of the controlled substance, and that factual determination significantly increases the maximum penalty [for Doggett] from 20 years under § 841(b)(1)(C) to life imprisonment under § 841(b)(1)(A)." Id., at 164. See also United States v Keith, 230 F 3d 784, 786-87 (5th. Cir. 2000), pet. for cert. filed January 16, 2001 (reaffirming that to extent drug quantity increases sentence beyond statutory maximum, quantity must be alleged in indictment and proved to jury beyond a reasonable doubt; and affirming Keith's 20 year statutory maximum sentence based on judge's finding of more than 50 grams of cocaine base since sentence imposed did not exceed 30 year statutory maximum.

Even though the jury did not make a finding of drug quantity in Doggett, the defendant was not entitled to relief under Apprendi because the 235 month sentence he received based on the court's sentencing finding of drugquantity did not exceed the 20 year statutory maximum authorized by the jury's verdict. Dogget, 230 F 3d at 165 (Section 841 (b)(1)(C) provides a 20 year statutory maximum for the manufacture of any amount of a Schedule II controlled substance like methamphetamine). The Fifth Circuit affirmed Doggett's sentence because it "was not enhanced beyond the statutory maximum by a factor not contained in the indictment or submitted to the jury." Id.

11

be stated in indictment and proved beyond a reasonable doubt); see also, United Staes v Meshack, 225 F 3d 556, 575 n. 15 (5th. Cir. 2000), cert. denied, sub. nom., U.S. v Parker 121 S.Ct. 834 (2001) (finding that although Apprendi only addressed whether certain facts must be proved to and found by the jury, when considered together with Supreme Court's opinion if Jones v United States, 526 US 227, 119 S. Ct. 1215, 143 L Ed 2d 311 (1999), the Apprendi opinion clearly indicates that such a fact must also be alleged in the indictment).

In addition to the indictment's omission of a specific drug quantity, there was no finding of drug quantity beyond a reasonable doubt. Instead, as was the accepted practice at the time, the court made a fact finding as to the amount of drugs involved in the conspiracy offense under the lesser preponderance of the evidence standard of proof at sentencing. Under Apprendi, petitioner was entitled to have the element of drug quantity, which was used to enhance his statutory maximum penalty under § 841(b)(1)(B) specifically charged in Count I and proved beyond a reasonable doubt. The failure to comply with these requirements constitutes a denial of petitioner's due process rights under the Fifth Amendment; Apprendi, 120 S.Ct. at 2363-64.

When such Apprendi error exists, i.e., drug quantity has not been charged in the indictment and found beyond a reasonable doubt, the maximum sentence available is the one applicable to the offense of conviction without any reference to drug amount. Nordby, 225 F 3d at 1059-60 (judge's finding of drug quantity increased defendant's maximum exposure for 5 years to life, and on remand maximum sentence available without reference to quantity was 5 years); see also U.S. v Jones, 2000 WL 1854077 at *5-6. In United States v Brown, 2000 WL 1880280

(N.D. Texas 2000), the court declined to permit the defendant to amend his pending § 2255 motion to add an <u>Apprendi</u> claim based on drug quantity, However, the court reasoned that if <u>Apprendi</u> was applied, the indictment's allegation of a conspiracy to distribute "1,000 kilograms or more of marijuana" would have been insufficient and the defendant's maximum sentence would have been capped at the 5 year maximum provided in § 841 (b)(1)(D) for undetermined amounts of marijuana. <u>Brown</u>, 2000 WL 1880280 at *2-3 (jury also did not determine specific drug quantity); see also <u>United States v Murphy</u>, 109 F Supp 2d 1059, 1064 (D. Minn. 2000) (finding the imprecise allegation of drug amount "in excess of 50 grams" in the indictment and jury charge was insufficient under <u>Apprendi</u> and vacating defendant's enhanced sentence (for drug possession) in excess of statutory maximum).

Accordingly, due to the <u>Apprendi</u> error present in this case, petitioner's sentence must be vacated and set aside, and petitioner must be resentenced to the 5 year statutory maximum for possession with intent to distribute an undetermined amount of marijuana under Section 841 (b)(1)(D). See § 841 (b)(1)(D) (stating penalty for undetermined amount of marijuana less than 50 kilograms); see also <u>Doggett</u>, 230 F 3d at 166 (holding that maximum penalty for codefendant Beman was the 30 year maximum sentence [enhanced for prior conviction] under § 841 (b)(1)(C) for possession of any quantity of methamphetamine); <u>Meshack</u>, 225 F 3d at 575-77 (defendant's two life sentences for conspiracy to possess crack cocaine had to be vacated given government's concession of <u>Apprendi</u> error based on failure to charge and prove beyond a reasonable doubt the drug quantity used to enhance sentence beyond the statutory maximum in § 841 (b)(1) ).

(elements found by the jury only satisfied conviction of a Class C felony under § 841(b)(1)(C)). However, Doggett's codefendant Beman was entitled to relief under Apprendi because his two concurrent sentences of life exceeded the baseline statutory maximum of 30 years (enhanced for a prior conviction) under § 841(b)(1)(C) for an undetermined quantity of methamphetamine. Id., at 166.

As noted, petitioner was convicted of Ct. I of the indictment charging him with conspiracy to possess with intent to distribute a quantity in excess of 100 kilograms of marijuana and Ct. II, possession with intent to distribute approximately 250 l lbs. gross weight of marijuana. However, neither count was submitted to the jury. The indictment only alleged conspiracy of an undetermined amount within a general range, i.e., "in excess of 100 kilograms of marijuana." The government clearly sought to enhance the applicable penalties for Count I's § 846 and § 841(a) offenses by alleging a drug quantity of "in excess of 100 kilograms" which had the effect of increasing the statutory maximum to 40 years under § 841(b)(1)(B). (See Count I). The baseline maximum penalty for possession with intent to distribute an undetermined amount of marijuana is 5 years imprisonment under § 841(b)(1)(D). Therefore, under Apprendi and the Fifth Circuit's interpretation of Apprendi in Doggett, the amount of marijuna was an element of the offense alleged against petitioner in Count I.

As an element of the § 841 offense under Apprendi, the amount of marijuana was required to be specified in Count I of the indictment and proved beyond a reasonable doubt. Doggett, 230 F 3d at 165 (when government seeks enhanced penalty based on amount of drugs under § 841(b)(1)(A) or (B), quantity of drugs is element of § 841 offense which must

14

## CONCLUSION

Petitioner prays that the district court remand for a factual finding pursuant to U.S.S.G. § 3B1.2(b), and that upon due consideration of his issues for review vacate his sentence and remand for resentencing.

WHEREFORE; Petitioner prays that the Court order government to show cause why he should not be entitled to the relief sought.

Dated  11-18-02

Respectfully Submitted

/Juan Jesus Barron #19942-079
FCI Three Rivers, P.O. Box 4200
Three Rivers, Tx  78071