13

Original

In The

# United States District Court
## For The Southern District Of Texas
### Brownsville Division

United States District Court
Southern District of Texas
FILED

JUL 3 1 2003

Michael N. Milby
Clerk of Court

|  |  |  |
|---|---|---|
| Juan Jesus Barron | ) | B-00-425-03 |
|        Petitioner | ) | Civil Action No. B-02-240 |
| vs | ) | Appeal No. _____ |
|  | ) |  |
| United States Of America | ) |  |
|        Respondent | ) |  |

---

## NOTICE OF APPEAL WITH REQUEST FOR ISSUANCE OF A CERTIFICATE OF APPEALABILITY PURSUANT TO TITLE 28 USC §2253(c)(2), AND FEDERAL RULE APPELLATE PROCEDURE, RULE 22(b)

TO THE HONORABLE UNITED STATES DISTRICT JUDGE **HILDA TAGLE** OF SAID COURT PRESIDING:

    **COMES NOW** the Petitioner Juan Jesus Barron (hereinafter to be referred as the Petitioner) appearing in pro se and in propria persona, by reason of poverty, who is compel to act in his own behalf, with-out the assistance of a train professional Attorney At Law. The Petitioner ask that he not be held to the same stringent standards as you would hold an Attorney At Law interposing, **Haines vs Kerner,** 404 US 519 (1972).

    Your Petitioner herein who respectfully moves this Honorable Court, in this his **"NOTICE OF APPEAL WITH REQUEST FOR ISSUANCE OF A CERTIFICATE OF APPEALABILITY PURSUANT TO TITLE 28 USC §2253(c)(2) AND FEDERAL RULE APPELLATE PROCEDURE, RULE 22(b).** In support thereof,

the Petitioner would show unto this Honorable Court as follows;

## JURISDICTION

**Jurisdiction** is invoked upon this Honorable Court to grant the Petitioner his request for issuance of a Certificate of Appealability (COA) from the order of the United States District Court, For The Southern District Of Texas, Brownsville Division dismissing the Petitioners' Title 28 USC §2255 Motion To Vacate, For A Person In Federal Custody, dated June 6, 2003. Jurisdiction is vested upon this Honorable Court pursuant to Title 28 USC §2253(c)(2), and Federal Rule Appellate Procedure, Rule 22(b).

Petitioner strongly believes there is an issue of first impression that must be reviewed by the United States District Court, For The Southern District Of Texas, Brownsville Division. The Petitioner asserts that his sentence imposed of **120 months** was in contravention of the rule set forth by the United States Supreme Court in **APPRENDI vs NEW JERSEY,** 530 US 466, 120 S. Ct. 2348 (2000). And to the leading case governing Ineffective Assistance of Counsel, **STRICKLAND vs WASHINGTON,** 466 US 668 (1984). The Petitioner requests a Certificate of Appealability (COA) based on the following grounds for relief;

## ISSUE NO. I
## STATEMENT OF THE ISSUE

1) Petitioner Was Denied His Right To Effective Assistance Of Counsel

2) Petitioner Was Eligible For Application Of USSG §3B1.2 (b) Minor Participant.

3) The District Court Abused Its Discretion In Denying Motion For Mistrial Where Government Introduced Past Felony Convictions More Than Ten Years Old.

2

4) Petitioner Was Sentenced In Violation Of **APPRENDI vs NEW JERSEY**, And Should Be Remanded To Be Resentenced To 5 Years Maximum Under Title 21 USC §841 (b)(1)(D) For Possession Of An Unde-termined Amount Of Marijuana.

## ARGUMENTS

### ISSUE NO. I

1)PETITIONER WAS DENIED HIS RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL

See Exhibit **A** attached Motion USC §2255 for support in his argu-ment, in page 3, paragraph 4, it states as follows; "In the context of the loss of effective assistance of Counsel, Petitioner claims that prejudice occured where a defendant is denied effective assistance of counsel during the sentencing phase, as where in Petitioners' case Counsel representing him failed to object/argue to the trial court the application of USSG §3B1.2(b) Mitigating Role it provide as follows;"

> **"If the defendant was a minor participant in any criminal**
> **activity, decrease by 2 levels."**

Therefore, the Petitioner was rendered with Ineffective Assistance of Counsel a violation to his right to the  Sixth (6th) Amendment of the United States Constitution.

### ISSUE NO. II

2)PETITIONER WAS ELIGIBLE FOR APPLICATION OF USSG §3B1.2(b) MINOR PARTICIPANT.

See Exhibit A attached Motion Under Title 28 USC §2255 hereon, page 5 and page  6 of his motion, it stated as follows; " In the case at bar, the trial court erred by failing to recognize that Barron was at the best only a minor participant in the instant offense. Section 3B1.2(b) of the USSG provides **"MINIMAL STATUS"** for a defendant

who played a minimal or minor role in the alleged criminal conduct.
That section provides that a **"MINOR"** participant is someone less
culpable than most other participants but whose role could not have
been described as minimal. A full review of the whole record here
demonstrates that in relation to the offense conduct the Petitioner
was a mule, carrier, and or a transporter thus qualifying his as a
minor participant, according to the recent crime bill **"ECONOMIC CRIME
PACKAGE," Amendment 635** (A clarifying Amendment, no change of law has
taken placed as in this amendment, and can be applied retroactive)
that went into effect on **November 1, 2001,** which now permits mitigating
role adjustment of two (2) base offense level reduction, a departure
from the USSG §3B1.2 for being a minor or in the alternative a minimal
participant, for having a mitigating role in his instant offense
(the less culpable), as in the Petitioners' case. See **United States
vs Maseratti,** 1 F3d at 330 (5th Cir. 1993) in this case the conviction
was affirmed, sentence vacated in part and remanded, it states;

> **"Amended Sentencing Guidelines Commentaries and application
> notes clarifying Guidelines application may be considered
> even though amended language was not in effect at time of
> commission of offense if amendment was not intended to make
> sustantive changes. In Maseratti case amendment 439 was not
> listed in USSG §1B1.10(c), nevertheless it was treated with
> retroactive effects."**

Also see **United States vs Aguilera-Zapata,** 901 F2d at 1209 (5th Cir.
1990) this case was remanded, it states as follows;

> **"Amended language of application note to USSG provision could
> be considered in sentencing defendant, though amendment was
> not in effective at time of commission of offense in question
> where amendment stated its purpose was to clarify Guideline
> and Commentary and therefore implicitly was not intended to
> make any substantive changes."**

Therefore, and according to the supporting records the Petitioner is
entitled to a two (2) level downward departure from the Guidelines

pursuant to USSG §3B1.2 (b), the proper analysis under the standard
set forth in USSG §3B1.2 and to the new bill **"ECONOMIC CRIME PACKAGE,"**
**Amendment 635** that went into effect on November 1, 2001, is to look at
the Petitioners' conduct in relation to other participants in the
alleged offense conduct. In this case the Court did not consider the
timing, amount and the nature of Petitioners activities within the
scope  of the offense conduct. With regards to Petitioner, application
note states that a downward departure at this point would be appropri-
ate, in a case where an individual such as Petitioner was recruited
as a courier/mule for a single transaction. Petitioners' involvement
consisted of arranging one load of marijuana, and he had  **NO** super-
visory role, the records demonstrate that it warrant, and or this
case the Petitioner is clearly entitled to a two (2) level downward
departure,

## ISSUE NO. III

3)THE DISTRICT COURT ABUSED ITS DISCRETION IN DENYING MOTION FOR
   MISTRIAL WHERE GOVERNMENT INTRODUCED PAST FELONY CONVICTIONS
   MORE THAN TEN YEARS OLD.

   See Exhibit **A** attached Motion under Title 28 USC §2255, for
support this issue. Petitioner furhter claims that the District Court
should have granted a **"MISTRIAL,"** since as the Petitioner was prejud-
ice/harm when the Honorable presiding Judge allowed the line of
questioning concerning, and or when the Petitioners' past felony
convictions, were presented. And the trial court thus never according
to the procedures, conducted a balancing test as required by the
Federal Rules Criminal Evidence, Rule **609,** in order to determine the
prejudice nature and the probative value of the convictions that

occurred past ten (10) yeras. See **Yeagin vs United States**, 927 F2d
at 798 (5th Cir. 1991) This case was Reversed and Remanded.
Therefore, the Petitioner was prejudice when the Sentencing Judge
refused to grant **"MISTRIAL,"** when the prior convictions were inproperly
presented in the court, and thus Petitioners' case should have been
reversed and remanded, because the Petitioners' Due Process of Law,
his right to a fair trial, his rights to equal justice were violated,
and in violation to the Fifth (5th) Amendment of the United States
Constitution.

### ISSUE NO. IV

4) PETITIONER WAS SENTENCED IN VIOLATION OF **APPRENDI vs NEW JERSEY**
   AND SHOULD BE REMANDED TO BE RESENTENCED TO 5 YEARS MAXIMUM UNDER
   TITLE 21 USC §841 (b)(1)(D) FOR POSSESSION OF AN UNDETERMINED
   AMOUNT OF MARIJUANA.

   See Exhibit **A** attached Motion under Title 28 USC §2255 hereon,
page 9-14 of this Motion §2255 for support regarding his argument
that he indeed has an **Apprendi** issue. Petitioner now challenges his
sentence as being unconstitutional under **Apprendi vs New Jersey, 530**
**US 466, 120 S. Ct. 2348 (2000),** in which the Supreme Court held that
other than the fact of a prior conviction, any fact that increases the
penalty for a crime beyond the prescribed statutory maximum must be
submitted to a jury, and proven beyond a reasonable doubt. The Court
committed error under **Apprendi** by sentencing him 120 months of imprison-
ment pursuant to Title 21 USC §846, §841(a)(1) and §841(b)(1)(B) of
Count I. And Count II Title 21 USC §841(a)(1), §841 (b)(1)(B) and Title
18 USC § 2. Therefore, the Petitioner should have been sentenced to

Sixty months (60) which comes to Five (5) years in excess of the 5 year statutory maximum for possession of marijuana under Title 21 USC §841 (b)(1)(D) would be the appropriate statute and not the other statutes as provide in the Petitioners' indictment, thus the Petitioners' indictment is defective on its face, and not a true bill.

### CONCLUSION

**WHEREFORE,** the Petitioner Juan Jesus Barron respectfully moves this Honorable Court to issue an **ORDER, GRANTING** the Petitioners instant foregoing **"NOTICE OF APPEAL WITH REQUEST FOR ISSUANCE OF A CERTIFICATE OF APPEALABILITY (COA) PURSUANT TO TITLE 28 USC §2253 (c)(2), AND FEDERAL RULE APPELLATE PROCEDURE, RULE 22 (b).**

**FURTHERMORE,** the Petitioner respectfully moves this Honorable Court to **ORDER,** the District Court to reconsider and or to review the Petitioners' Title 28 USC §2255 Motion for a federal prison in custody, that the Petitioner be resentenced to Sixty(60) months of imprisonment according to the Supreme Court ruling in light of **Apprendi vs New Jersey,** and so that true Justice May Prevail, once again.

Respectfully  Submitted

*Juan J. Barron*

Pro Se Litigation
Juan Jesus Barron
Tilden Unit Reg. No. **19942-079**
**Federal** Prison Camp
P.O. Box 4300
Three Rivers, Texas    78071

Mailed on this _17_th day of _July_, 2003.

## CERTIFICATE OF SERVICE

I Juan Jesus Barron, hereby declare and certify that a true and correct copy of this instant foregoing **"NOTICE OF APPEAL WITH REQUEST FOR ISSUANCE OF A CERTIFICATE OF APPEALABILITY PURSUANT TO TITLE 28 USC §2253(c)(2), AND FEDERAL RULE APPELLATE PROCEDURE, RULE 22(b)"** was mailed postage prepaid properly addressed to the below interested parties depositing the same in the institutional recept-acle provided by the Government for this purpose interposing, **Houston vs Lack,** 487 US 266 (1988).

I Juan Jesus Barron, hereby declare (Certify, Verify, or State) under the penalty of perjury that the above foregoing document (COA) is true and correct, to the best of my ability, and knowledge, pursuant to Title 28 USC §1746.


United States Attorney
Mark M. Down
**AUSA**
600 E. Harrison, # 201
Brownsville, Texas    78520

Respectfully Submitted

*Juan J. Barron*

Pro Se Litigation
Juan Jesus Barron
Tilden Unit Reg. No. **19942-079**
Federal Prison Camp
P.O. Box 4300
Three Rivers, Texas    78071


Mailed on this /7th day of ___July___, 2003.

In The
United States District Court
For The Southern District Of Texas
Brownsville Division

Juan Jesus Barron                    )
                                     )
                    Petitioner       )     Civil Action No. B-02-240
                                     )
vs                                   )     Appeal No. _____
                                     )
                                     )
United States Of America             )       (To Be Issued By Clerk)
                                     )
                    Respondent       )
                                     )
_____)_____

## ORDER

   **CAME** on to be considered the Petitioners **"NOTICE OF APPEAL WITH REQUEST FOR ISSUANCE OF A CERTIFICATE OF APPEALABILITY PURSUANT TO TITLE 28 USC §2253(c)(2), AND FEDERAL RULE APPELLATE PROCEDURE, RULE 22(b),"** and the court having considered said request, and the response of the Petitioner is hereby;

**GRANTED**_____ or **DENIED**_____.

SIGNED ON THIS____TH DAY OF_____, 2003.

                              _____

                              The Honorable United States
                              District Judge Hilda Tagle
                              Of Said Court Presiding.

**EXHIBIT**

**A**

**TITLE 28 USC §2255 MOTION**

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF TEXAS

BROWNSVILLE DIVISION


JUAN JESUS BARRON                  §
                                   §
PETITIONER,                        §
                                   §
VS                                 §
                                   §    CASE NO. 00-CR-425-3
UNITED STATES OF AMERICA,          §
                                   §
RESPONDENT,                        §


BRIEF IN SUPPORT OF 28 U.S.C. §2255

TO THE HONORABLE JUDGE OF SAID COURT

Comes now, Juan Jesus Barron, petitioner, acting in pro/se in the above
numbered cause and would show the court as follows;

JURISDICTION

This court has jurisdiction pursuant to 28 U.S.C. §2255

PROCEDURAL BACKGROUND

On October 10, 2000, a two-count indictment was returned charging CT (1)
conspiracy to possess with intent to distribute marijuana in violation
of 21 U.S.C. §§846, 841 (a) (1) and 841 (b) (1)(B); and CT (2) Defendant
knowingly and intentionally possessed, with intent to distribute
approximately 113.81 kilograms (250lbs) gross weight, of marijuana,
violation of 21 U.S.C. §§841 (a)(1)(b) and 18 U.S.C. §2.  Jury selection
conducted on 12-7-2000.  On 12-13-2000, the jury returned a verdict of
guilty on all counts as to the defendant.  On March 12, 2000, Defendant
was sentenced to a 120 month term of imprisonment.

STATEMENT OF THE ISSUES

I  PETITIONER WAS DENIED HIS RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL.

1

II   PETITIONER WAS ELIGIBLE FOR APPLICATION OF U.S.S.G. §3B1.2(b)

     Minor Participant.

III  THE DISTRICT COURT ABUSED ITS DISCRETION IN DENYING MOTION FOR

     MISTRIAL WHERE GOVERNMENT INTRODUCED PAST FELONY CONVICTIONS

     MORE THAN TEN YEARS OLD.

IV   PETITIONER WAS SENTENCED IN VIOLATION OF APPRENDI AND SHOULD BE

     REMANDED TO BE RESENTENCED TO 5 YEARS MAXIMUM UNDER 21 USC 84

     (b)(1)(D) FOR POSSESSION OF AN UNDETERMINED AMOUNT OF MARIJUANA.

                    ARGUMENT AND POINTS OF AUTHORITIES

                              Issue No 1

I    PETITIONER WAS DENIED HIS RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL

     Petitioner was denied effective assistance of counsel as guaranteed

in the Sixth Amendment to the Constitution; (see Sixth Amendment and

**Strickland v Washington,** 466 US 668 (1984).   In **Strickland** the Supreme

Court held that in order to establish a constitutional violation of the

right to effective assistance of counsel, a petitioner must meet two

prongs of a test.   First, he must show that consel's performance was

deficient.   This requires a showing that counsel made errors so serious

that counsel was not functioning as "counsel" as quaranteed by the Sixth

Amendment.   This prong is met by showing that counsel's acts and omissions

did not meet and objective standard of reasonableness; see **United States**

**v Smith,** 915 F 2d 959, 963 (5th Cir. 1990) (quoting **Strickland,** 466 US

at 668, 104 S.Ct. at 2064).

     Second, a petitioner must show that he was prejudiced by counsel's

performance.   This second prong of the test is met by showing the

existence of a reasonable probability that, but for counsel's deficient

performance, the proceeding's results would have been different.   A

                                   2

reasonable probability is a probability sufficient of undermine confidence in the outcome: **Strickland,** 104 S.Ct. ay 2068.

It is submitted that, based on the arguments as set forth within this pleading, the standard of Strickland is sufficiently met.

The requirement that a defendant receive effective assistance of counsel is constitutionally mandated; **U.S. Constitution, Amendment VI, Reece v Georgia,** 350 US 85, 90 (1955) (The effective assistance of counsel ... is a constitutional requirement of due process of law) and **McMann v Richardson,** 397 US 759, 771 n. 14 (1970) (the right to counsel is the right to <u>effective</u> assistance of counsel).

In the context of the loss of effective assistance of counsel, petitioner submits prejudice occurs where a defendant is denied effective assistance of counsel during the sentencing phase, as where in petitioner's case, counsel failed to argue to the trial court the application of U.S.S.G. § 3B1. (2)(b) - Minor Participant.

Counsel's deficient performance served to relieve the government of persuading the court to adopt the P.S.R. in toto, thus depriving the petitioner of his due process in violation of his 5th and 6th Amendment rights under the U.S. Constitution. Further, petitioner was deprived of effective assistance of counsel where counsel failed to file any objections to the resentence report.

Petitioner can demonstrate that counsel's failure to make pre-trial investigation or to file an addendum to the P.S.R. before sentencing amounted to ineffective assistance of counsel. Counsel was under a duty to fully investigate the case; see **Woodward v Collins,** 898 F 2d 1027 (5th. Cir. 1990) in which the court found that "no" such presumption [of reasonable professional conduct] is warranted when a lawyer advises

3

his client to plea bargain to an offense which the attorney has not fully investigated.  Such conduct is always unreasonable.  Id. at 1029 (emphasis added).  With proper investigation petitioner could have perfected the record under the allocution requirement pursuant to Federal Rules of Criminal Procedure, Rule 32 (a) and thus avoided a procedural bar, or in the alternative, brought the issue to the court's attention for a fact finding determination and developed the record on appeal.

Petitioner suffered a rejudicial effect where counsel failed to protect petitioner's due process right to a fair trial and sentencing hearing.

Petitioner can demonstrate to the court cause - ineffective assistance of counsel, and prejudice - but for counsel's errors the outcome would have been different; **Strickland,** supra, and the petitioner's sentence would not have been based on an adjusted offense level of 30 C.H.G. II 108-135 months - but rather on B.O.L. 28, C.H.G. II resulting in 87-108 months.

In pursuing petitioner's claim of ineffective assistance of counsel, petitioner relies on the P.S.R. and all the records, files and statements made  by his counsel of record.  It is hereby asserted that petitioner's trial counsel's performance during the course of the sentencing hearing was prejudicial under the test established by the Supreme Court in **Strickland.**

The error/omission/deficient performance on the part of counsel of record served to relieve the government of its burden of proof, see **Osborn v Shillinger,** 861 F 2d 612 (10th. Cir. 1988).

Petitioner reasserts that trial counsel failed to render effective assistance at the sentencing phase, thus depriving him of the application

4

of U.S.S.G. § 3B1.2(b) - - Minor Participant consideration.

## ARGUMENT AND POINTS OF AUTHORITIES

### ~~ISSUE~~ ISSUE NO. II

II.  PETITIONER WAS ELIGIBLE FOR APPLICATION OF U.S.S.G. § 3B1.2(b)
     MINOR PARTICIPANT.

In the case at bar, the trial court erred by failing to depart
downward and by failing to recognize that Barron was at best only a minor
participant in the instant offense.  Section 3B1.2(b) of the U.S.S.G.
provides "minimal status" for a defendant who played a minimal or minor
role in the alleged criminal conduct.  That section provides that "minor"
participant is someone less culpable than most other participants but
whose role could not have been described as minimal.  A full review of
the whole record here demonstrates that in relation to the offense conduct
Barron was a "mule" qualifying as a minor participant.  The trial court's
failure to adjust downward was an incorrect application of the guidelines;
see 18 USC § 3742 (a)(1) and (2).

Barron should have received at least a two-level reduction for a
minor participant.  In application note 3 of the U.S.S.G. § 3B1.2(b), a
minor participant is defined as any participant who is less culpable
than other participants but whose role could not be described as minimal.
The evidence in this case shows that Barron became involved in the offense
conduct after he was approached to sell marijuana for $145 dollars by
paid government informant, Alberto Vargas.  Barron was never involved in
any violence and did not have a managerial or supervisory role within the
offense conduct.

The proper analysis under the standard set forth in §3B1.2(b) of the
U.S.S.G. is to look at the defendant's conduct in relation to other
participants in the alleged offense conduct.  The court must look at the

timing, amount and nature of defendant's activities within the scope of
the offense conduct.  With regards to Barron, application note indicates
that a downward departure adjustment would be appropriate in a case
where an individual such as Barron was recruited as a courier for a
single transaction involving a minor part within the offense conduct.

Petitioner's involvement consisted of arranging one load of marijuana.
Barron had no supervisory role whatsoever.  It is the petitioner's
position that the trial court erred in not granting a two-level reduction
where the record will demonstrate that it warranted it' citing **U.S. v
Buenrostro,** 868 F 2d 135 (5th. Cir. 1989).

### ARGUMENT AND POINTS OF AUTHORITIES
### ISSUE NO. 3

III     THE DISTRICT COURT ABUSED ITS DISCRETION IN DENYING MOTION FOR
        MISTRIAL WHERE GOVERNMENT INTRODUCED PAST FELONY CONVICTIONS
        MORE THAN TEN YEARS OLD.

Petitioner contends that the District Court should have granted a
mistrial since Barron was harmed when the Honorable Judge allowed the line
of questioning concerning past felony convictions, and the trial court
never conducted a balancing test as required by Fed R.CRIM.EVID.609,
in order to determine the prejudice nature and the probative value of the
convictions that occurred past ten years.  **Yeagin v United States,** 927
F.2d 798 (5th. Cir. 1991).

The **standard of review** for a denial of a mistrial is abuse of discretion.
**United States v. Coveney,** 995 F.2d 578, 584 (5th Cir. 1993). **FED. R. CRIM.
EVID. 609** reads as follows:

> "(a)(1)... evidence that an accused has been convicted of such a crime shall
> be admitted if the court determines that the probative value of admitting this
> evidence outweighs its prejudicial effect to the accused;...
>
> (b) Time limit.  Evidence of a conviction under this rule is not admissible if
> a period of more than ten years has elapsed since the date of the conviction..

unless the court determines, in the interests of justice that the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect. However, evidence of a conviction more than 10 years old as calculated herein, is not admissible unless the proponent givers to the adverse party sufficient advance written notice of intent to use such evidence to provide the adverse party with a fair opportunity to contest the use of such evidence.."

On the case at bar, the prosecution after questioning petitioner about being convicted in the past for a felony offense, and the trial court overruling defense counsel's objection; introduced petitioner's two prior convictions for Marijuana with intent to distribute with a conviction date of 1976, and a conviction for Smuggling of Illegal Aliens with a conviction date of 1982. The district court allowed the government to violate Fed R.Crim Evid 609.

The petitioner was harmed in that his character was attacked, and he was not given an opportunity to prepare for such trial ambush. Had petitioner been given proper notice of governments intent to proceed with the line of questions concerning convictions past ten years he would not have taken the stand, and counsel was ineffective for allowing Petitioner to be put in such a prejudicial position. When the prosecution unfairly and improperly questions petitioner, about his past convictions, the jury learned his past and utilized it against him. As stated in **United States v Manafzadeh,** 529 F.2d 81,86 (2nd Cir. 1979), "The accused might be convicted because of his participation in other crimes rather than because he is guilty beyond a reasonable doubt of the crime alleged."

This Court never conducted any hearing to determine if Government could explain the relevancy and necessity, and then apply a carefully conducted and required balancing test, as to the prior felony convictions. **United States v Yeagin,** 927 F.2d 798 (5th Cir. 1991).

The record will demonstrate that counsel of record was ineffective for failure to seek proper discovery.

The balancing of probative value against prejudicial effect is committed to the sound discretion of the trial Judge, a decision that is final in the absence of abuse of discretion. **United States v. Dula**, 989 F.2d 772, 777 (5th Cir. 1993). In the instant case, petitioner was not afforded such balancing test, which in itself is required. The trial court despite objections allowed the questioning of convictions without a balancing analysis conducted by the trial court.

In the case at bar, Petitioner was not afforded a fair trial, Counsel's deficient performance cause petitioner to suffer an extremely prejudicial effect, where counsel was not prepared for the ambush and surprise as the result of the prosecutions lack of written notice concerning convictions past ten years. But for Counsels errors the results would of been different. Petitioner suffered a Prejudicial effect by taking the stand and was denied his right to effective assistance of counsel.

8

## ARGUMENT AND POINTS OF AUTHORITY

### ISSUE NO. 4

I.   BARRON     WAS SENTENCED IN VIOLATION OF APPRENDI AND SHOULD
     BE REMANDED TO BE RESENTENCED TO A 5 YEAR STATUTORY MAXIMUM
     UNDER 21 U.S.C. § 841(B)(1)(D) FOR POSSESSION OF AN UNDETER-
     MINED AMOUNT OF MARIJUANA.

Pursuant to 28 U.S.S. § 2255 BARRON now challenges his sentence
as unconstitutional under **Apprendi v New Jersey,** 530 US 466, 120 S.
Ct. 2348 (2000), in which the Supreme Court held that "other than
the fact of a prior conviction, any fact that increases the penalty
for a crime beyond the prescribed statutory maximum must be submitted
to a jury, and proven beyond a reasonable doubt."

First, BARRON asserts that because there was no finding of drug
quantity beyond a reasonable doubt, the court committed error under
**Apprendi** by sentencing him to SIXTY MONTHS, 60  FIVE YEARS    in ex-
cess of the 5 year statutory maximum for possession of an undetermined
amount of marijuana (see 21 USC § 841(b)(1)(D).  A Section 2255 motion
is the proper vehicle through which a prisoner in federal custody may
challenge his sentence as having been imposed in violation of the
Constitution, or in excess of the maximum authorized by law; 28 USC
§ 2255; **Pack v Yusuff,** 218 F 3d 448, 451 (5th. Cir. 2000).   The

grounds for vacating BARRON sentence under Apprendi are discussed below.

_____

II.  DRUG QUANTITY INCREASED STATUTORY MAXIMUM PENALTY UNDER APPRENDI

The Fifth Circuit has recognized that Apprendi radically changed the procedure for prosecuting drug offenses under 21 USC §§ 841 and 846.  In United States v Doggett, the Fifth Circuit recently joined several other circuits in holding that Apprendi compelled it to over-turn its well-established precedent that drug quantity was a sentencing factor and not an element of the offense.  United States v Doggett, 230 F 3d 160, 163-164 (5th. Cir. 2000), pet. for cert. filed January 4, 2001 (reviewing existing precedent and concluding that "there is no reasonable construction of Section 841 that would allow us to avoid the broad constitutional rule of Apprendi).  The court found that when drug quantity increases the statutory maximum penalties to which the defendant is subject, as it does in Section 841(b)(1), the drug quan-tity constitutes an element of the Section 841 offense. Doggett, 230 F 3d at 162 (finding that for purposes of § 841(b)(1) drug amount is the type of fact that falls within the scope of Apprendi); see, accord U.S. v Aguayo-Delgado, 220 F 3d 926, 933-34 (8th. Cir.), cert. denied, 121 S. Ct. 600 (2000); United States v Nordby, 225 F 3d 1053, 1059 (9th. Cir. 2000); United States v Page, 2000 WL 1682523 at *6 (6th. Cir. 2000), pet. for cert. filed Jan. 3, 2001; United States v Rogers, 228 F 3d 1318, 1327 (11th. cir. 2000); and United States v Jones, 2000 WL 1854077 at *5 (10th. Cir. 2000).

Specifically, the Fifth Circuit stated that under Apprendi, when

the government seeks an enhanced penalty based on the amount of drugs under § 841(b)(1)(A) or (B), the quantity of drugs is an element of the offense which must be stated in the indictment and proved beyond a reasonable doubt. **Doggett,** 230 F 3d at 165.   In **Doggett** a possession of methamphetamine case, the court found that "Section 841 clearly calls for a factual determination regarding the quantity of the controlled substance, and that factual deter-mination significantly increases the maximum penalty [for Doggett] from 20 years under § 841(b)(1)(C) to life imprisonment under § 841 (b)(1)(A)."  **Id.,** at 164.   See also **United States v Keith**, 230 F 3d 784, 786-87 (5th. Cir. 2000), pet. for cert. filed January 16, 2001 (reaffirming that to extent drug quantity increases sentence beyond statutory maximum, quantity must be alleged in indictment and proved to jury beyond a reasonable doubt; and affirming Keith's 20 year statutory maximum sentence based on judge's finding of more than 50 grams of cocaine base since sentence imposed did not exceed 30 year statutory maximum.

    Even though the jury did not make a finding of drug quantity in **Doggett,** the defendant was not entitled to relief under **Apprendi** because the 235 month sentence he received based on the court's sen-tencing finding of drug quantity did not exceed the 20 year statutory maximum authorized by the jury's verdict.  **Dogget,** 230 F 3d at 165 (Section 841 (b)(1)(C) provides a 20 year statutory maximum for the manufacture of any amount of a Schedule II controlled substance like methamphetamine).  The Fifth Circuit affirmed Doggett's sentence because it "was not enhanced beyond the statutory maximum by a factor not contained in the indictment or submitted to the jury."  **Id.**

11

be stated in indictment and proved beyond a reasonable doubt); see
also, **United Staes v Meshack**, 225 F 3d 556, 575 n. 15 (5th. Cir.
2000), cert. denied, sub. nom., **U.S. v Parker** 121 S.Ct. 834 (2001)
(finding that although *Apprendi* only addressed whether certain facts
must be proved to and found by the jury, when considered together with
Supreme Court's opinion if **Jones v United States,** 526 US 227, 119 S.
Ct. 1215, 143 L Ed 2d 311 (1999), the *Apprendi* opinion clearly indi-
cates that such a fact must also be alleged in the indictment).

In addition to the indictment's omission of a specific drug quan-
tity, there was no finding of drug quantity beyond a reasonable doubt.
Instead, as was the accepted practice at the time, the court made a
fact finding as to the amount of drugs involved in the conspiracy of-
fense under the lesser preponderance of the evidence standard of proof
at sentencing.  Under *Apprendi*, petitioner was entitled to have the
element of drug quantity, which was used to enhance his statutory
maximum penalty under § 841(b)(1)(B) specifically charged in Count I
and proved beyond a reasonable doubt.  The failure to comply with these
requirements constitutes a denial of petitioner's due process rights
under the Fifth Amendment; *Apprendi*, 120 S.Ct. at 2363-64.

When such *Apprendi* error exists, i.e., drug quantity has not been
charged in the indictment and found beyond a reasonable doubt, the
maximum sentence available is the one applicable to the offense of
conviction without any reference to drug amount. **Nordby**, 225 F 3d at
1059-60 (judge's finding of drug quantity increased defendant's maxi-
mum exposure for 5 years to life, and on remand maximum sentence avail-
able without reference to quantity was 5 years); see also **U.S. v Jones,**
2000 WL 1854077 at *5-6.  In **United States v Brown**, 2000 WL 1880280

12

(N.D. Texas 2000), the court declined to permit the defendant to amend his pending § 2255 motion to add an **Apprendi** claim based on drug quantity, However, the court reasoned that if **Apprendi** was applied, the indictment's allegation of a conspiracy to distribute "1,000 kilograms or more of marijuana" would have been insufficient and the defendant's maximum sentence would have been capped at the 5 year maximum provided in § 841 (b)(1)(D) for undetermined amounts of marijuana. **Brown**, 2000 WL 1880280 at *2-3 (jury also did not determine specific drug quantity); see also **United States v Murphy**, 109 F Supp 2d 1059, 1064 (D. Minn. 2000) (finding the imprecise allegation of drug amount "in excess of 50 grams" in the indictment and jury charge was insufficient under **Apprendi** and vacating defendant's enhanced sentence (for drug possession) in excess of statutory maximum).

Accordingly, due to the **Apprendi** error present in this case, petitioner's sentence must be vacated and set aside, and petitioner must be resentenced to the 5 year statutory maximum for possession with intent to distribute an undetermined amount of marijuana under Section 841 (b)(1)(D). See § 841 (b)(1)(D) (stating penalty for undetermined amount of marijuana less than 50 kilograms); see also **Doggett**, 230 F 3d at 166 (holding that maximum penalty for codefendant Beman was the 30 year maximum sentence [enhanced for prior conviction] under § 841 (b)(1)(C) for possession of any quantity of methamphetamine); **Meshack**, 225 F 3d at 575-77 (defendant's two life sentences for conspiracy to possess crack cocaine had to be vacated given government's concession of **Apprendi** error based on failure to charge and prove beyond a reasonable doubt the drug quantity used to enhance sentence beyond the statutory maximum in § 841 (b)(1) ).

13

(elements found by the jury only satisfied conviction of a Class
C felony under § 841 (b)(1)(C) ).  However, Doggett's codefendant
Beman was entitled to relief under _Apprendi_ because his two concur-
rent sentences of life exceeded the baseline statutory maximum of
30 years (enhanced for a prior conviction) under § 841 (b)(1)(C)
for an undetermined quantity of methamphetamine. _Id._, at 166.

As noted, petitioner was convicted of Ct. I of the indictment
charging him with conspiracy to possess with intent to distribute a
quantity in excess of 100 kilograms of marijuana and Ct. II, posses-
sion with intent to distribute approximately **250** 1 lbs. gross weight
of marijuana.  However, neither count was submitted to the jury.
The indictment only alleged conspiracy of an undetermined amount
within a general range, _i.e._, "in excess of 100 kilograms of marijuana."
The government clearly sought to enhance the applicable penalties for
Count I's § 846 and § 841(a) offenses by alleging a drug quantity of
"in excess of 100 kilograms" which had the effect of increasing the
statutory maximum to 40 years under § 841 (b)(1)(B). (See Count I).
The baseline maximum penalty for possession with intent to distribute
an undetermined amount of marijuana is 5 years imprisonment under §
841 (b)(1)(D).  Therefore, under _Apprendi_ and the Fifth Circuit's in-
terpretation of _Apprendi_ in _Doggett_, the amount of marijuna was an
element of the offense alleged against petitioner in Count I.

As an element of the § 841 offense under _Apprendi_, the amount of
marijuana was required to be specified in Count I of the indictment and
proved beyond a reasonable doubt. _Doggett_, 230 F 3d at 165 (when govern-
ment seeks enhanced penalty based on amount of drugs under § 841(b)(1)
(A) or (B), quantity of drugs is element of § 841 offense which must

## CONCLUSION

Petitioner prays that the district court remand for a factual finding pursuant to U.S.S.G. § 3B1.2(b), and that upon due consideration of his issues for review vacate his sentence and remand for resentencing.

WHEREFORE; Petitioner prays that the Court order government to show cause why he should not be entitled to the relief sought.

Dated  *11-18-02*

Respectfully Submitted

*Juan G. Barron*

/Juan Jesus Barron#19942-079
FCI Three Rivers, P.O.Box 4200
Three Rivers, Tx  78071

15