In The
United States District Court
For The Southern District Of Texas
Brownsville, Division

United States District Court
Southern District of Texas
FILED
OCT 1 7 2003
Michael N. Milby
Clerk of Court

| | |
|---|---|
| Juan Jesus Barron ) | |
| Petitioner ) | Crim. No. B-00-452-03 |
| ) | Civil No. B-02-240 |
| vs ) | |
| ) | |
| United States Of America ) | |
| Respondent ) | |

**PETITIONER'S RESPONSE TO MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

To The Honorable United States District Judge Hilda G. Tagle Of Said Court Presiding;

**COMES NOW** the Petitioner Juan Jesus Barron (hereinafter referred to as the Petitioner) appearing in Pro Se and Propria Persona by reason of poverty and who is compelled to act in his own behalf without the assistance of a train professional Attorney At Law. The Petitioner ask that he not be held to the same stringent standards as you would hold an Attorney At Law interposing, **Haines vs Kerner,** 404 US 519 (1972).

The Petitioner herein and respectfully moves this Honorable Court, for the Southern District of Texas, Brownsville, Division to issue an **ORDER, GRANTING** his request for a Certificate of Appealability (COA), and thus denying the Magistrate Judge's Report And Recommendation, based on the grounds that this Report and Recommendation by the Magistrate Judge, wholes **NO** water, and is meritless on it's face, therefore Justice must prevail. Thus, the Petitioner would show unto this honorable Court as follows;

## STATEMENT AND JURISDICTION

Jurisdiction is invoked upon this Honorable Court to issue a Certificate Of Appealability (COA), pursuant to Title 28 USC §2253 (c)(2) and Federal Rule Appellate Procedure, Rule 22 (b).

Petitioner further states that there is an issue of first impression that must be reviewed by this Honorable Court. The Petitioner asserts that his sentence of 120 months was in contravention of the rule set forth by the United States Supreme Court in **Apprendi vs New Jersey,** 530 US 466, 120 S. Ct. 2348 (2000). And to the case governing Ineffective Assistance of Counsel, in **Strickland vs Washington,** 466 US 668 (1984), thus Petitioner requests a Certificate Of Appealability (COA).

## AUTHORITIES AND ARGUEMENT'S

The Petitioner first states that this Honorable Court should by all means, and in the best of interest to the Administration of Justice, to ignore and or to disreguard the Magistrate Judge's Report and Recommendation, based on the following reasons. The Petitioner contends/claims that he has provided substantial showing of the denial of his constitutional rights in his Title 28 USC §2253 (c)(2) request for a Certificate Of Appealability (COA) as required by statute.

The Magistrate Judge first claims that (1) there was no constitutional performance giving to ineffective assistance of counsel, (2) that the claims that the Court misapplied the Sentencing Guidelines did not raise constitutional cognizable concerns under §2255, (3) that the Court did not abuse its discretion in denying the motion for mis-

trial because the 5th Circuit rejected his argument on direct appeal and was foreclosed from revisiting the issue on his §2255 petition and (4) that he was not sentenced in violation of Apprendi, and that Petitioner has failed to show that reasonable jurists would find .....debatable or wrong. The Magistrate Judge Report and Recommendation consist of only two (2) and a half pages, the first page which the majority of it consist of a short summary of the proceeding of Petitioner's. Therefore there is no argument here. Than on page number two (2) of the Magistrate Judge's Report and Recommendation, three forth of the page does consist of an argument. In the bottom part of this same page the Magistrate Judge ends his argument with his "Notice To Parties," dragging his argument **quoting** unnecessary, and or needless on going information stating as follows;

> "A party failure to file written objections to the proposed findings, conclusion, and recommendation in a magistrate judge's report and recommendation within ten (10) days after being serve with a copy shall be bar that party, except upon the grounds of plan error, from attacking on appeal the unobjected to proposed factual findings and legal conclusion accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.

The Petitioner is very well aware of the above Court proceeding, and has read the case law cited by the Magistrate Judge, <u>Douglass vs United States Automobile Association</u>, 79 F3d at 1415 (5th Cir. 1996). The Petitioner's arguments and or his isssue's presented in his Title 28 USC §2255 are of constitutional issues and or cognizable in his Title 28 USC §2255, it is not as the Magistarate Judge states in his report and recommendation. The Petitioner argued the following issue's they are ;
(1) That the Petitioner was denied his right to effective assistance

3

of counsel, a violation of his rights to effective assistance of counsel of the Sixth (6th) Amendment of the United States Constitution

(2) That the Petitioner was eligible for application under USSG § 3B1.2 (b) minor participant, in violation of his rights to his Fifth (5th) Amendment Due Process of Law.

(3) That the District Court abused its discreation in denying his Motion For Mistrial where Government introduced past felony convictions more than ten (10) years old, in violation to his rights to the Fifth (5th) Amendment of the Constitution Due Process of Law, his right to equal Justice, his right to fair proceeding.

(4) That the Petitioner was sentenced in violation of Apprendi vs New Jersey, 530 US 466, 120 S. Ct. 2348 (2000), in violation to his rights the Fifth (5th) Amendment of the Constitution Due Process of Law.

All of the Petitioners issue's are of constitutional dimensions, and or cognized in his Title 28 USC §2255. Petitioner's Motion §2255 supports his request for a Certificate of Appealability. The Petitioner has showen more than a substantial showing as required to satisfy Title 28 USC §2253 (c)(2), The Petitioner has demonstrated that reasonable jurists would find the District Courts assessment of his constitutional claims debatable, according to his issue's presented in his Title 28 USC §2255 are straightforward, and in it self suffice to warrant the automatic issuing of a Certificate of Appealability (COA), thus the nature of the Petitioner's case is a proper consideration in determining to issue him a COA.

## IN CONCLUSION

**WHEREFORE** the Petitioner Juan Jesus Barron hereby respectfully moves this Honorable Court to issue an **ORDER, GRANTING** the Petitioner's Response To Magistrate Judge's Report And Recommendation.

**FURTHERMORE** the Petitioner further ask that this Honorable Court grant his request and grant to him a "**CERTIFICATE OF APPEALABILITY.**"

**THEREFORE** the Petitioner initially moves that this Honorable Court issue an **ORDER, GRANTING** his Title 28 USC §2255 Motion for a federal prisoner in custody, so that true Justice May Prevail.

Respectfully Submitted

*Juan J. Barron*

Pro Se Litigation
Juan Jesus Barron
Tilden Unit Reg. No. 19942-079
Federal Prison Camp
P.O. Box 4200
Three Rivers, Texas
        78071

Mailed on this 13th day of September, 2003.

## CERTIFICATE OF SERVICE

I Juan Jesus Barron, hereby declare and certify that a true and correct copy of this instant foregoing "**PETITIONER'S RESPONSE TO MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION,**" was mailed postage prepaid properly addressed to the below interested parties depositing the same in the institutional receptacle provided by the Government interposing, **Houston vs Lack,** 487 US 266 (1988).

I Juan Jesus Barron, hereby declare (Certify, Verify, or State) under the penalty of perjury that the above foregoing request for a "**COA**" is true and correct, pursuant to Title 28 USC §1746.

United States Attorney

Mark M. Down

**AUSA**

600 E. Harrison, No. 201

Brownsville, Texas

           78520

Respectfully Submitted

*/s/ Juan J. Barron*

Pro Se Litigation

Juan Jesus Barron

Tilden Unit Reg. No. 19942-079

Federal Prison Camp

P.O. Box 4200

Three Rivers, Texas

           78071

Mailed on this 13th day of September 2003.