United States District Court
Southern District of Texas
ENTERED

JAN 20 2004

Michael N. Milby, Clerk of Court
By Deputy Clerk

United States District Court
Southern District of Texas
FILED

JAN 15 2004

Michael N. Milby, Clerk of Court

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JUAN JESUS BARRON<br>Petitioner, | §<br>§<br>§ | |
| v. | §<br>§<br>§ | CIVIL ACTION NO. B-02-240<br>(CRIM. NO. B-00-425-03)<br>(5TH CIR. NO. 03-41062) |
| UNITED STATES OF AMERICA,<br>Respondent. | §<br>§ | |

### ORDER ON PLAINTIFF'S MOTION TO APPEAL IN FORMA PAUPERIS

Pending before the Court is Petitioner Barron's Application to Proceed In Forma Pauperis (Docket No. 12). Because Petitioner's Application was filed contemporaneously with his notice of appeal, the Court interprets Barron's Application as one to proceed *on appeal* in the form of a pauper. For the following reasons, the Petitioner's motion is DENIED and this Court certifies that the appeal is not taken in good faith.

As it stands, Petitioner's Motion for Section 2255 relief has already been denied, as has his request for a Certificate of Appealability. *See* Docket Nos. 10 and 16. It is necessary for the Court to rule on the Petitioner's In Forma Pauperis Application so as to allow his appeal to proceed. *See USA v. Barron*, 03-41062 (5th Cir.).

In support of his motion, Petitioner presents the same arguments he has offered at numerous stages of these proceedings; namely, that:

    (1) he was denied his right to effective assistance of counsel;
    (2) he was eligible, as a minor participant, for application of USSG §3B1.2;
    (3) the district court abused its discretion by denying his motion for mistrial; and that
    (4) he was sentenced in violation of *Apprendi*.

*See* Docket No. 13.

This Court has set out the reasons why Petitioner's post-conviction claims must fail on several occasions, and finds no reason to do so again herein. The Court therefore certifies that Petitioner's attempt to appeal was not taken in good faith according to 28 U.S.C. § 1915(a)(3) and Fed. R. App. P. 24(a). The Court's decision is based on the fact that Petitioner's habeas petition and his application for COA fail to raise claims that can be remedied pursuant to 28 U.S.C. § 2255, as is set out in this Court's Report and Recommendation regarding the § 2255 Application (Docket No. 8) and this Court's Report and Recommendation regarding COA (Docket No. 14), both of which were adopted by the district court (Docket Nos. 10 and 16). *See Baugh v. Taylor*, 117 F.3d 197, 202 n.21 (5th Cir. 1997)

In accordance with this Court's determination that Petitioner's appeal is not taken in good faith –and the resultant denial of his request to proceed IFP on appeal– the district clerk's office is hereby ORDERED to notify the parties and the court of appeals of the action herein taken, so as to comply with Fed. R. App. P. 24(a)(4).

IT IS SO ORDERED.

DONE at Brownsville, Texas, this __15th__ day of January, 2004.

Felix Recio
United States Magistrate Judge