IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 03-41062
USDC No. B-02-CV-240-3
USDC No. B-00-CR-425-3

UNITED STATES OF AMERICA,

                    Plaintiff-Appellee,

versus

JUAN JESUS BARRON,

                    Defendant-Appellant.

---

Appeal from the United States District Court
for the Southern District of Texas

---

O R D E R:

    Juan Jesus Barron, federal prisoner number 19942-079, seeks a certificate of appealability ("COA") to appeal the denial of his 28 U.S.C. § 2255 motion in which he attacked his convictions of conspiracy to possess with intent to distribute over 100 kilograms of marijuana and possession with intent to distribute over 100 kilograms of marijuana.

    A COA may be issued only if Barron has "made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the district court's dismissal is on the merits, the movant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional

O R D E R
No. 03-41062
-2-

claims debatable or wrong." <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000); <u>see</u> also <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336 (2003).

Barron maintains that he received ineffective assistance of counsel where counsel did not conduct an adequate pre-trial investigation, object to the PSR, argue for a minor participant reduction pursuant to U.S.S.G. § 3B1.2(b), and prevent the Government from impeaching him with stale convictions.

Barron has not supported his claim that his attorney conducted an inadequate investigation, as he has not alleged "with specificity what the investigation would have revealed and how it would have altered the outcome of the trial." See <u>United States v. Green</u>, 882 F.2d 999, 1003 (5th Cir. 1989). This court will not consider Barron's assertion that his counsel did not object to the PSR, as it is not supportable by the record. See <u>Ross v. Estelle</u>, 694 F.2d 1008, 1011-12 (5th Cir. 1983). Because Barron was not eligible for a minor role reduction, <u>see</u> <u>United States v. Rojas</u>, 868 F.2d 1409, 1410 (5th Cir. 1989), he has not shown that his attorney's performance fell below an objective standard of reasonableness in not seeking that reduction, <u>see</u> <u>Strickland v. Washington</u>, 466 U.S. 668, 687-88 (1984). Barron has not shown that counsel's performance fell below an objective standard of reasonableness when he decided to allow Barron to testify in his own defense. <u>See</u> <u>id.</u>

Barron's claim that he was eligible for a two-level reduction for a minor participant pursuant to § 3B1.2(b) is

ORDER
No. 03-41062
-3-

neither a constitutional error nor an injury that could not have been addressed on direct appeal, and thus it is not cognizable in a § 2255 motion. See United States v. Williamson, 183 F.3d 458, 462 (5th Cir. 1999).

Barron asserts that the district court should have granted a mistrial when the Government impeached him with stale convictions. This court will not address this claim, as "[i]ssues raised and disposed of in a previous appeal from an original judgment of conviction are not considered in § 2255 motions." See United States v. Kalish, 780 F.2d 506, 508 (5th Cir. 1986).

Barron argues that he sentence violated Apprendi v. New Jersey, 530 U.S. 466 (2000). There was no Apprendi violation, as the statutory maximum sentence for the counts with which Barron was charged was 40 years; moreover, the indictment alleged the quantity of marijuana and the jury was instructed to find that quantity beyond a reasonable doubt.

The request for a COA is DENIED. Barron's motion to proceed in forma pauperis is also DENIED.

*Edith H Jones*
EDITH H. JONES
UNITED STATES CIRCUIT JUDGE

A true copy
Test
Clerk, U.S. Court of Appeals, Fifth Circuit
By _____
Deputy

New Orleans, Louisiana    JUN 0 0 2004